IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 3 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-01259-BNB

ALEX NAUMENKOV,

    Plaintiff,

v.

TCS, INC.,
OPERATIONS MANAGER OF DENVER OFFICE MR. VON CLOEDT, and
CO-OWNER DAN REDD,

    Defendants.

---

### ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Alex Naumenkov, initiated this action by filing *pro se* a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Title VII Complaint. On July 15, 2008, Mr. Naumenkov filed an amended Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. On August 8, 2008, he filed an amended Title VII Complaint. The motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 will be denied as moot and the amended motion will be granted.

The court must construe the amended Title VII Complaint liberally because Mr. Naumenkov is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below in this order, Mr. Naumenkov will be ordered to file a second amended complaint.

The court has reviewed the amended Title VII Complaint and has determined that it does not comply with Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**,* 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet these purposes. *See **TV Communications Network, Inc. v. ESPN, Inc.**,* 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Naumenkov fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Although it is clear that Mr. Naumenkov believes he has been subjected to discrimination in his prior employment, he fails to provide a short and plain statement of the alleged discrimination. Some of the ten numbered claims for relief that Mr. Naumenkov asserts lack any supporting factual allegations. Even when Mr. Naumenkov does include factual allegations in support of his claims, he fails to

present those factual allegations in a clear and concise manner that explains how or why he believes he was subjected to employment discrimination.

For these reasons, Mr. Naumenkov will be ordered to file a second amended complaint. Mr. Naumenkov is advised that, in order to state a claim in federal court, his amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Naumenkov also is advised that supervisors and other employees may not be held personally liable under Title VII. *See* ***Haynes v. Williams***, 88 F.3d 898, 899 (10th Cir. 1996). Accordingly, it is

ORDERED that Mr. Naumenkov file, **within thirty (30) days from the date of this order**, a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Naumenkov, together with a copy of this order, two copies of the following form: Title VII Complaint. It is

FURTHER ORDERED that, if Mr. Naumenkov fails within the time allowed to file a second amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice. It is

FURTHER ORDERED that the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 filed on June 4, 2008 is denied as moot and the amended Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 filed

on July 15, 2008, is granted.

DATED at Denver, Colorado, this 12th day of August, 2008.

BY THE COURT:

*s/Craig B. Shaffer*
CRAIG B. SHAFFER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 08-cv-01259-BNB

Alex Naumenkov
394 E. 117th Place
Northglenn, CO 80233

    I hereby certify that I have mailed a copy of the **ORDER** and **two copies of the Title VII Complaint form** to the above-named individuals on 8/13/08

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk