IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01259-BNB

ALEX NAUMENKOV,
Plaintiff,

v.

TCS, INC.,
OPERATIONS MANAGER OF DENVER OFFICE MR. CLOEDT,
PREVIOUS OPERATIONS MANAGER MR. BLAIR, and
CO-OWNER DAN REDD,
Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 17 2008

GREGORY C. LANGHAM
CLERK

ORDER DIRECTING PLAINTIFF TO FILE THIRD AMENDED COMPLAINT

Plaintiff, Alex Naumenkov, initiated this action by filing *pro se* a Title VII Complaint. On August 8, 2008, Mr. Naumenkov filed an amended Title VII Complaint. In an order filed on August 13, 2008, the court directed Mr. Naumenkov to file a second amended complaint because the amended complaint did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On September 15, 2008, Mr. Naumenkov filed a second amended Title VII Complaint along with two letters to the court in which he asks the court to appoint counsel to represent him in this action.

The court must construe the papers filed by Mr. Naumenkov liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below in this order, Mr. Naumenkov will be ordered to file a third amended complaint. The requests for appointment of counsel will be denied.

The court has reviewed the second amended Title VII Complaint filed by Mr. Naumenkov on September 15 and finds that it still does not comply with the pleading requirements of Rule 8. It is clear that Mr. Naumenkov believes he was discriminated against by his former employer on the basis of his religion, national origin, age, and a disability. However, Mr. Naumenkov still fails to provide a short and plain statement of his employment discrimination claims showing that he is entitled to relief in this action. He does not allege, in a clear and concise manner, the specific factual allegations that support the claims he is asserting. Instead, Mr. Naumenkov provides an overabundance of repetitive and disjointed allegations that do not provide a clear statement of his claims. Furthermore, despite being advised specifically that supervisors and other employees may not be held personally liable under Title VII, **see Haynes v. Williams**, 88 F.3d 898, 899 (10th Cir. 1996), Mr. Naumenkov continues to name as Defendants individual supervisors of his former employer.

As noted above, Mr. Naumenkov also has filed two letters to the court seeking appointment of counsel. Mr. Naumenkov also makes a number of references in his second amended complaint to his poor English skills and his desire to be represented by counsel in this action because he alleges he is doing the best he can in presenting his claims. A district court has discretion to request an attorney to represent a party who cannot afford counsel pursuant to 28 U.S.C. § 1915(e)(1). **See Johnson v. Johnson**, 466 F.3d 1213, 1217 (10th Cir. 2006) (per curiam). In addition, in a Title VII case, the district court is authorized to appoint counsel pursuant to 42 U.S.C. § 2000e-5(f)(1). **See Castner v. Colorado Springs Cablevision**, 979 F.2d 1417, 1420 (10th Cir.

1992). The factors to be considered in deciding whether to appoint counsel generally include the merits of the claims, the nature of the factual issues raised, the plaintiff's ability to present his claims, and the complexity of the legal issues being raised. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). In Title VII cases, the court should consider the plaintiff's financial ability to afford counsel, his diligence in searching for counsel, the merits of the claims, and his ability to present his case without counsel. *See Castner*, 979 F.2d at 1420-21. "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

The court has considered Mr. Naumenkov's requests for appointment of counsel and finds that those requests must be denied at this time. Plaintiff has been granted leave to proceed *in forma pauperis* and it appears that he has some difficulty writing in English. However, it is not clear what efforts Mr. Naumenkov has made to search for counsel on his own. Furthermore, under either 28 U.S.C. § 1915(e)(1) or 42 U.S.C. § 2000e-5(f)(1), the court cannot consider a request to appoint counsel without considering to some extent the merits of the claims asserted. Because Mr. Naumenkov has not provided a short and plain statement of his claims in compliance with Rule 8, the court cannot find that appointment of counsel is necessary or appropriate at this time. The court does not find that Mr. Naumenkov's English skills are so deficient that he is unable to present his claims to the court in accordance with Rule 8.

Therefore, although the court has determined that the second amended complaint is subject to dismissal for failure to comply with the pleading requirements of

Rule 8, the instant action will not be dismissed at this time. Instead, Mr. Naumenkov will be given one final opportunity to file a pleading that complies with Rule 8. Mr. Naumenkov again is advised that his pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Furthermore, pursuant to Rule 8(d)(1), "[e]ach allegation must be simple, concise, and direct." Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. Accordingly, it is

ORDERED that Mr. Naumenkov file, **within thirty (30) days from the date of this order**, a third amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Naumenkov, together with a copy of this order, two copies of the following form: Title VII Complaint. It is

FURTHER ORDERED that, if Mr. Naumenkov fails within the time allowed to file a third amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED September 17, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01259-BNB

Alex Naumenkov
394 E. 117th Place
Northglenn, CO 80233

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Title VII Complaint form** to the above-named individuals on 9/17/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk